**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000498
26-FEB-2026
07:57 AM
Dkt. 91 SO

NO. CAAP-23-0000498

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ROBERT G. GOMES, JR., Appellant-Appellant/Cross-Appellee, v.
EMPLOYEES' RETIREMENT SYSTEM, STATE OF HAWAII,
Appellee-Appellee/Cross-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-22-0000347)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

In this secondary appeal, Appellant-Appellant/Cross-Appellee Robert G. Gomes, Jr. (**Gomes**) appeals from the August 15, 2023 Final Judgment (**Judgment**) entered in favor of Appellee-Appellee/Cross-Appellant Employees' Retirement System, State of Hawaii (**ERS**) in the Circuit Court of the Third Circuit (**Circuit Court**).[1]  Gomes also challenges the Circuit Court's July 25, 2023 "Decision Affirming the Final Decision in the Matter of Robert G. Gomes, Jr. Made by the Board of Trustees of the Employees' Retirement System [(**ERS Board** or **Board**)], Dated September 30, 2022" (**Decision**).  The Decision and Judgment affirmed the ERS Board's September 30, 2022 Final Decision, which, in turn:  (1) adopted, with certain modifications, the July 7, 2021 Hearings Officer's Findings of Fact, Conclusions of Law, and Recommended Decision (**Recommended Decision**); (2) affirmed the Board's November 12, 2021 Proposed Decision; and (3) concluded that Gomes

---

[1]  The Honorable Henry T. Nakamoto presided.

was not entitled to service-connected disability retirement benefits under Hawaii Revised Statutes (**HRS**) §§ 88-79 and -285, quoted infra.

ERS cross-appeals from the Judgment and Decision to the extent they reflect the Circuit Court's ruling that the subject injury occurred in the performance of duty (**performance-of-duty ruling**).

On appeal, Gomes contends that the Circuit Court erred in affirming the ERS Board's Final Decision based on the Circuit Court's conclusions that: (1) "Gomes did not meet his burden under HRS Sec. 91-14 to establish that the ERS Board acted as an advocate throughout the appeals process and in rendering its [Final] Decision"; and (2) "the substantial record established that Gomes is not permanently incapacitated[, in that t]hree independent evaluators opined that Gomes is not totally incapacitated and that he could return to work without restrictions."

On cross-appeal, ERS contends that the Circuit Court erred in issuing the performance-of-duty ruling because it: (a) constitutes an advisory opinion; and (b) is erroneous.

Our review of "decision[s] made by the circuit court upon its review of an agency's decision is a secondary appeal." Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018) (quoting Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi 412, 416, 91 P.3d 494, 498 (2004)). We apply the standards set forth in HRS § 91-14(g) (2012 & Supp. 2016) to determine whether the Circuit Court's decision was right or wrong. Id. at 120, 424 P.3d at 475 (quoting Paul's Elec. Serv., 104 Hawaiʻi at 416, 91 P.3d at 498).

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the parties' contentions as follows, and affirm.

(1) We first address Gomes's contention, set out in his second point of error, that the Circuit Court erred in concluding that "the substantial record established that Gomes is not permanently incapacitated."

2

It is undisputed that: (a) Gomes was employed as a Street Cleaning Supervisor with the County of Hawaiʻi, Department of Public Works on June 11, 2015; (b) on June 24, 2015, he reported a "stress" injury sustained from "[w]ork place violence" that occurred on June 11, 2015 (**June 2015 Incident**); and (c) on July 22, 2019, he filed an application for service-connected disability retirement benefits (**Application**) with the ERS arising from the June 2015 Incident.[2]

HRS § 88-79 (Supp. 2018) provides, in relevant part:

> (a) Under rules the board of trustees may adopt, upon application of a member, . . . any member . . . who has been permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty at some definite time and place, or as the cumulative result of some occupational hazard, through no wilful negligence on the member's part, may be retired by the system for service-connected disability; provided that:
>
> . . . .
>
> (4)   The medical board or other entity designated by the board of trustees certifies that the member is incapacitated for the further performance of duty at the time of application and that the member's incapacity is likely to be permanent.

See also HRS § 88-285 (2012) ("A member who would be eligible to receive a service-connected disability retirement allowance pursuant to section 88-79 shall receive a maximum retirement allowance of thirty-five per cent of the member's average final compensation.").

Here, the ERS Board (through its adoption of the hearings officer's conclusions of law) determined in conclusion of law (**Board COL**) III.A., in relevant part:

> Finally, three (3) independent evaluators [Dr. Dana Zichittella, Dr. Jon Streltzer, and Dr. Joseph P. Rogers] agreed that [Gomes's] adjustment disorder/mental stress was in full remission well *before* his Application date and that [Gomes] was fully capable of doing his job as a street cleaning supervisor. The Medical Board's witness, Dr. Gerald McKenna, agreed with the three (3) independent

---

[2]   Gomes has not specifically challenged any findings of fact in the Recommended Decision, which were adopted in the ERS Board's Final Decision. These findings of fact are therefore binding on appeal. See Poe v. Haw. Labor Rels. Bd., 97 Hawaiʻi 528, 536, 40 P.3d 930, 938 (2002) (an agency's unchallenged findings are binding on appeal).

> evaluators. . . .
>
>      Accordingly, the Hearings Officer finds and concludes that [Gomes] has *not* established by a preponderance of the evidence that he was incapacitated for the further performance of duty as a street cleaning supervisor at the time of application.

(Footnote omitted.)  Additionally, the ERS Board addressed Gomes's exceptions to the Board's Proposed Decision, including his argument that the above Board COL was clearly erroneous.  The Board explained in detail why it credited the opinions of Drs. Zichittella, Streltzer, and Rogers, and Medical Board member Dr. McKenna, and why the opinion of Dr. Nino Murray, Gomes's testifying expert and workers' compensation physician, "*should be given little, if any weight*[.]"

        The Circuit Court, in reviewing the Board's Final Decision on primary appeal, concluded in part:

> [T]he substantial record established that Gomes is not permanently incapacitated.  Three independent evaluators opined that Gomes is not totally incapacitated and that he could return to work without restrictions.

It is this conclusion that Gomes now challenges.

        In this HRS § 91-14 secondary appeal, we review the ERS Board's Final Decision to determine whether the Circuit Court was right or wrong.  See Flores, 143 Hawaiʻi at 120, 424 P.3d at 475. The Final Decision made clear that the Medical Board and the ERS Board concluded that Gomes failed to prove he was incapacitated <u>for the further performance of duty</u> at the time of his Application and <u>did not reach other issues</u> regarding permanence, causation by accident, or negligence.  Gomes challenges the Circuit Court's conclusion regarding "permanent incapacity," which is a separate issue.  Read liberally, however, Gomes's arguments also appear to contest the ERS Board's conclusion that he failed to prove incapacity for further duty.  This conclusion presents mixed issues of fact and law and, as such, is reviewed under the clearly erroneous standard.  See In re Water Use Permit Applications, 94 Hawaiʻi 97, 119, 9 P.3d 409, 431 (2000).

        Substantial evidence in the record supports the ERS Board's conclusion that Gomes did not prove that he was incapacitated for the further performance of duty at the time of

4

his Application.  As reflected in the Final Decision, three independent evaluators – Drs. Zichittella, Streltzer, and Rogers – evaluated Gomes in light of his claimed stress injury and concluded Gomes was fully capable of returning to his position as Street Cleaning Supervisor without any restrictions.  The Medical Board – consisting of practicing physicians Dr. Patricia L. Chinn, Dr. Howman Lam, and Dr. McKenna – agreed and found that Gomes was not incapacitated for the further performance of duty at the time of his Application.

Gomes contends that the Circuit Court, in determining he was not permanently incapacitated, erred by equating "permanent incapacity" with "total incapacity."  It is not clear why the Circuit Court used the phrase "totally incapacitated," but any error in this regard was harmless.  The ERS Board did not rest its decision on the "permanence" issue (see supra), and the three independent evaluators referenced in the Circuit Court's Decision did not opine that Gomes could return to his position without restrictions on the basis that he was not "totally incapacitated."  Rather, they concluded that Gomes's adjustment disorder/mental stress was in remission and that Gomes was capable of doing his job as a street cleaning supervisor.

Gomes argues that Dr. Murray's evaluation supports the permanence of Gomes's injuries, and criticizes the ERS Board's reliance on the evaluations of Drs. Zichittella, Streltzer, and Rogers.  However, "courts decline to consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or to review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony[.]"  In re Hawaiian Elec. Co., 81 Hawaiʻi 459, 465, 918 P.2d 561, 567 (1996) (citing In re Hawaiian Elec. Light Co., 60 Haw. 625, 629, 594 P.2d 612, 617 (1979)).

Gomes also asserts that the ERS Board ignored that his disability was caused by the June 2015 Incident and the County of Hawaii's later actions "to force [him] out of his supervisor's job."  In fact, the Final Decision (through its adoption of the hearings officer's conclusions of law) expressly acknowledged this argument by Gomes.  However, the ERS Board did not reach the

5

issue of causation because it concluded that Gomes failed to prove that he was incapacitated for the further performance of duty.

Based on our own review of the pertinent record, we conclude that substantial evidence supported the ERS Board's conclusion that Gomes did not prove that he was incapacitated for the further performance of duty at the time of his Application. This conclusion was not clearly erroneous.  We further conclude that the Circuit Court did not err to the extent it concluded that substantial evidence supported the ERS Board's decision that Gomes was not entitled to service-connected disability retirement benefits under HRS §§ 88-79 and -285.

(2) In his first point of error, Gomes contends that the ERS Board violated his due process rights when it "chose to become a participating advocate and unnecessarily defamed a health care professional and manipulated the substantial evidence . . . ."  In particular, Gomes argues that the ERS Board "crossed into advocacy" and "demonstrated an unconstitutional bias" by "delegitimizing" the testimony and opinions of Dr. Murray.

"In an adjudicatory proceeding before an administrative agency, due process of law generally prohibits decisionmakers from being biased, and more specifically, prohibits decisionmakers from prejudging matters and the appearance of having prejudged matters."  Mauna Kea Anaina Hou v. Bd. of Land and Nat. Res., 136 Hawaiʻi 376, 389, 363 P.3d 224, 237 (2015). Like judges, however, administrative adjudicators are presumed to be unbiased.  See In re Conservation Dist. Use Application HA-3568, 143 Hawaiʻi 379, 392, 431 P.3d 752, 765 (2018) (citing Sifagaloa v. Bd. of Trs. of Emps.' Ret. Sys., 74 Haw. 181, 192, 840 P.2d 367, 372 (1992)).  "[T]his presumption is rebutted only by a showing of a disqualifying interest, either pecuniary or institutional, or both."  Id. (citing Sifagaloa, 74 Haw. at 192, 840 P.2d at 372).  The test for impropriety is "whether a reasonable person knowing all the facts would doubt the impartiality of [the adjudicator], or whether the circumstances would cause a reasonable person to question [the adjudicator's] impartiality."  Id.; see Sifagaloa, 74 Haw. at 190, 840 P.2d at

371.

Here, Gomes quotes two passages from the Final Decision – one that he characterizes as "intemperate and factually wrong" and the other that he claims "crossed into advocacy." Having reviewed the record, we do not agree with these characterizations. In context, the cited passages are part of the ERS Board's detailed explanation as to why it weighted the opinions of Drs. Zichittella, Streltzer, Rogers, and McKenna over that of Dr. Murray. No disqualifying interest of the Board was shown, and the circumstances did not fairly give rise to an appearance of impropriety and reasonably cast suspicion on the Board's impartiality. See In re Conservation District Use Application HA-3568, 143 Hawaiʻi at 392, 431 P.3d at 765. The Circuit Court was not wrong in so concluding.

(3) In its cross-appeal, ERS contends that the Circuit Court erred in ruling in part as follows:

> [A]lthough the incident did not occur during work hours, at the work premises, or while Gomes was on duty, the Court finds that the injury occurred in the performance of duty. While the incident happened at Gomes'[s] home, the accident [that] prompted the incident occurred at work. Moreover, [Gomes's coworker] was at Gomes'[s] home at the direction of [Gomes's supervisor]. As the topic and discussion were related to the accident that happened at work, the Court finds, in considering the constellation of circumstances surrounding the entirety of the event that resulted in the injury, that the injury did occur in the performance of duty.

ERS argues that this ruling constituted an advisory opinion because once the court determined that Gomes failed to prove he was permanently incapacitated for the further performance of duty, the issue as to whether Gomes's injury occurred in the performance of duty became moot. ERS further argues that, in any event, the performance-of-duty ruling was erroneous.

This was not an advisory opinion on an abstract proposition of law. While the ERS Board did not decide whether Gomes's injury was caused by an accident, in its Final Decision, the Board expressly "note[d]" that the June 2015 Incident "did not occur 'while in the actual performance of duty' . . . ." On primary appeal, Gomes contended that this conclusion was wrong, and ERS argued the opposite.

7

It is true that the Circuit Court, having decided that substantial evidence supported the ERS Board's decision to deny service-connected disability retirement benefits, need not have reached the performance-of-duty issue. However, the Circuit Court did not vacate the ERS Board's performance-of-duty conclusion in the Final Decision. In these circumstances, the Circuit Court's performance-of-duty ruling appears to be dictum. ERS provides no authority requiring this court to selectively vacate the court's ruling on that basis, particularly where ERS has not argued or shown that the performance-of-duty ruling will have any issue preclusive effect or other collateral consequences for the parties. In these circumstances, we also decline to reach ERS's argument that the performance-of-duty ruling, *i.e.*, dictum, was erroneous.

For the reasons discussed above, the Final Judgment entered on August 15, 2023, in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, February 26, 2026.

On the briefs:

Ted H.S. Hong
for Appellant-Appellant/
Cross-Appellee.

Randall S. Nishiyama and
Lori N. Tanigawa,
Deputy Attorneys General,
for Appellee-Appellee/
Cross-Appellant.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge